LARRY M. ISBELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Isbell v. Commissioner
Docket No. 16201-80.
United States Tax Court
T.C. Memo 1982-534; 1982 Tax Ct. Memo LEXIS 214; 44 T.C.M. (CCH) 1143; T.C.M. (RIA) 82534; September 16, 1982. L. G. von Schottenstein, for the petitioner. Claire Priestley-Cady, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined *215 a deficiency of $7,462.50 in petitioner's income tax for the taxable year 1976. The issues for our decision are: (1) what was the fair market value, in 1976, of a ceramic jar produced in China during the Han dynasty, and donated by petitioner Larry M. Isbell during 1976 to public television station KQED in San Francisco; and (2) what was petitioner's basis in the Han jar. Some of the facts have been stipulated and are so found. At the time the petition in this case was filed petitioner resided in San Francisco, California. His Federal income tax return for the year in issue was timely filed. During 1976, petitioner donated to station KQED for inclusion in its annual fund raising auction a Han dynasty jar. On his return for the 1976 taxable year, petitioner claimed that this donation created a charitable contribution deduction of $15,000. In 1979 petitioner filed two amended returns for the 1976 taxable year in which he claimed a $50,000 charitable contribution deduction for donating the Han jar to KQED. In his deficiency notice respondent determined that the donation to KQED of the Han jar entitled petitioner to a charitable contribution deduction of $150. Petitioner *216 acquired the Han jar in 1973 from his cousin, Lawrence Mitnick (hereinafter Lawrence) who testified that he had received the jar as a gift from Madame Chiang Kai-shek. When Lawrence acquired the jar, a hole had been drilled in its bottom, it had been converted into a lamp base, and it had been broken on one side. The jar was still in this altered and damaged condition when petitioner donated it to KQED. In June 1976, KQED sold the Han jar at auction. Prior to the opening of bidding on the jar it was displayed on television by KQED. Several viewers made bids on the jar; it was eventually sold to the highest bidder, Mr. Carl Leuteneker, for $360. Petitioner has no special knowledge of Asian art objects. The valuation he placed upon the jar in the amended returns for the 1976 tax year that he filed in 1979 was based upon an appraisal of all his valuables done in 1974, at his request, by Sanford/Young, appraisers of interior furnishings. In their appraisal, Sanford/Young valued the jar at $50,000. The description of the jar given in that appraisal is incorrect in several respects. No evidence was offered to suggest that Sanford or Young had any expertise in appraising Asian *217 art objects and neither was called as a witness. The only other estimate of the Han jar's value put in evidence by petitioner was that of Lawrence, who testified that he believed the fair market value of the Han jar was between $35,000 and $50,000; he also testified that he had no expertise in appraising Asian art objects, and that his valuation of the jar was based solely upon the Sanford/Young appraisal, and the fact that the jar came from the collection of Madame Chiang Kai-shek. Respondent offered two expert witnesses, both of whom we found very impressive. Respondent's first expert, Calvin Chou, a professional appraiser of Asian art objects, testified that the Han jar was a "mere specimen" of its period, and not a museum quality piece, because it had few decorative motifs. Mr. Chou testified that the Han jar was worth $800 when donated to KQED by petitioner. In reaching this valuation he relied to some extent on a catalogue showing that a Han jar similar to the jar here in issue, but in perfect condition, had fetched $1,000 at a Sotherby Parke Bernet auction in June 1977. He also testified that the fact that the jar had once been owned by Madame Chiang Kai-shek had *218 no effect on its value. Respondent's second expert, Clarence Shangraw, was a senior curator of the Avery Brundage Collection at the Asian Art Museum of San Francisco. As a matter of museum policy, Mr. Shangraw refused to place a value on the Han jar, but he did give his aesthetic impression of the jar: "I look upon it as an unfortunate relic that has come down to us, that was been mutilated and altered, and aesthetically, I sort of feel cool disdain toward it." In the deficiency statement sent to petitioner son June 26, 1980, respondent determined that petitioner had a zero basis in the Han jar. Petitioner did not contest this determination in his petition, at the trial, or in his opening brief. In his reply brief petitioner contends that respondent erred in determining that his basis in the Han jar was zero, and argues that his basis was $33,000. Section 170 [1] allows an individual a deduction for charitable contributions, subject to certain percentage limitations. See section 170(b). The amount of a charitable contribution made in property other than money is the fair market value of the property at the time of contribution. Section 1.170A-1(c)(1), Income Tax Regs. Fair *219 market value is "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having a reasonable knowledge of relevant facts." Section 1.170A-1(c)(2), Income Tax Regs. Charitable contributions of tangible personal property, the use of which by the donee is unrelated to the purpose or function constituting the basis for its exemption under section 501, will be reduced by 50 percent of the amount of gain which would have been long-term capital gain if the property contributed had been sold by the donor at its fair market value at the time of contribution. Section 170(e)(1)(B). The parties disagree as to the 1976 fair market value of the Han jar and as to petitioner's basis in the jar. In support of his valuation of the Han jar, petitioner offered only his own and Lawrence's estimates of the jar's value, and the appraisal by Sanford/Young. The valuations *220 offered by petitioner and Lawrence may be discounted, both because they are interested parties, and because neither has any expertise in appraising Asian art objects. The Sanford/Young appraisal is also suspect. Nothing in the record indicates that Sanford or Young had any expertise in appraising Asian art objects. Additionally, the description given of the jar in their appraisal is inaccurate, suggesting that they were not fully aware of the nature of the piece they were appraising. Respondent offered two experts with impressive credentials in the field of Asian art, both of whom testified that petitioner's jar was of low quality, and one of whom appraised its worth when donated to KQED at $800. From all of the above, we find that the Han jar had a fair market value of $800 when petitioner donated it to KQED. In his reply brief, petitioner raised for the first time the argument that his basis in the Han jar was $33,000, and not zero, as determined by respondent in the deficiency statement. Rule 34(b)(4) provides that petitioner's petition in a deficiency action shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have *221 been committed by the Commissioner in the determination of the deficiency * * *". The rule further provides: "[a]ny issue not raised in the assignment of errors shall be deemed to be conceded." We therefore decline to consider petitioner's argument, made for the first time in his reply brief, that respondent erred in determining that petitioner had a zero basis in the Han jar. Accordingly, respondent's position on this issue is sustained and, since the use of the jar by KQED was unrelated to the purpose or function constituting the basis for KQED's exemption under section 501, petitioner's charitable contribution deduction for donating the jar to KQED must be reduced by 50 percent of the fair market value of the jar pursuant to section 170(e)(1)(B). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specified, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩